IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHELDON JOHNSON           *

   v.               *    Civil No. – JFM-10-2769

RESIDENTIAL FUNDING COMPANY,   *
LLC, et al.            *
               ******

## MEMORANDUM

On or about July 2, 2010, Plaintiff Sheldon Johnson ("Plaintiff") initiated the present action by filing a complaint in the Circuit Court for Baltimore City. Plaintiff asserts claims against Defendants Baltimore American Mortgage Corporation ("BAMC"), Residential Funding Company ("RFC"), and Deutsche Bank Trust Company, Americas, ("Deutsche Bank") under the Maryland Secondary Mortgage Loan Law ("SMLL"), Md. Code Ann., Com. Law §§ 12-401 to 12-415; the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101 *et seq.*; and Maryland common law. RFC and Deutsche Bank ("the Removing Defendants") removed this action to federal court. Now pending before this court is Plaintiff's Motion to Remand, which for the following reasons will be denied.

## I.

Plaintiff commenced this action asserting violations of Maryland statutory and common law arising from a secondary mortgage loan Plaintiff obtained from BAMC, the loan originator. BAMC was formerly a Maryland corporation, but forfeited its corporate charter in 2009. Plaintiff seeks to hold RFC and Deutsche Bank liable as assignees of the loan. RFC and Deutsche Bank are not Maryland corporations. (Defs.' Notice Removal ¶¶ 24–27.)

RFC and Deutsche Bank removed the case on the basis of bankruptcy jurisdiction as a

result of a petition filed by Plaintiff under Chapter 7 of the United States Bankruptcy Code on April 28, 2006, in the Bankruptcy Court for the District of Maryland.[1] Although the Bankruptcy Court entered a Final Decree closing the bankruptcy case on October 24, 2006, Plaintiff failed to list the claims asserted in the instant action on his Schedules of Assets and Liabilities, so the claims were not abandoned by the trustee upon the completion of the case. Rather, they remained part of the bankruptcy estate. (*Id.* ¶¶ 14–15 & Ex. 3, Decl. of Gerard J. Gaeng ("Gaeng Decl."), Attach. 2 at 9.)

On July 8, 2010, after the filing of the instant action, Plaintiff moved to reopen his bankruptcy case. The Bankruptcy Court granted this motion and appointed a trustee to administer the estate. (*Id.* ¶¶ 16–18.) Plaintiff thereafter filed an Amended Schedule B, listing his claims against Defendants as personal property falling within the category of "[o]ther contingent and unliquidated claims." (*Id.* ¶ 17; Gaeng Decl., Attach. 3 at 3.) He asserted the claims were worth $140,000, and he claimed $96,400 of this as exempt in an Amended Schedule C. (Defs.' Notice Removal ¶ 17; Gaeng Decl., Attach. 3 at 3, 6.)

RFC and Deutsche Bank filed a Notice of Removal on August 20, 2010. On October 29, 2010, I granted their motion to withdraw the reference of this proceeding to the bankruptcy court.

III.

Under 28 U.S.C. § 1452, a party may remove any civil action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." § 1452(a). Section 1334(b) grants district

---

[1] RFC and Deutsche Bank's Notice of Removal also asserted this court had diversity jurisdiction. However, I have already determined in a related case raising identical issues that diversity jurisdiction is not available due to the presence of BAMC in this case and the service of a former BAMC director. *See Moore v. Balt. Am. Mortg. Corp.*, 1:10-cv-1852. Thus, remand is required unless I find I have bankruptcy jurisdiction over the action.

courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). RFC and Deutsche Bank claim the instant action is "related to" Plaintiff's bankruptcy case because, if successful, these claims would provide an asset available to the bankruptcy estate.[2] I agree.

Before determining whether I have jurisdiction over these claims, I must consider Plaintiff's contention that, even if bankruptcy jurisdiction once existed, this is no longer the case because on December 1, 2010, the trustee issued a "Report of No Distribution," as a result of which the bankruptcy proceeding will be closed. Plaintiff argues that the recovery in this case could no longer be an asset in the bankruptcy estate, so this action cannot be considered to be "related to" the bankruptcy case. Subject matter jurisdiction must be determined, however, at the time an action commences, even if the facts supporting this jurisdiction subsequently change. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858 (1991) ("[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."). Thus, in *Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619 (4th Cir. 1997), the Fourth Circuit "note[d] that if 'related to' [bankruptcy] jurisdiction actually existed at the time of Rapid's removal of the Contribution Action to the district court," the subsequent resolution of the bankruptcy estate "could not divest the district court of that subject matter jurisdiction." *Id.* at 626; *cf. In re Roy*, Bankruptcy No. 09-2972, 2010 WL 2928463, at *4 (Bankr. N.D.W. Va. July 26, 2010) ("Because the bankruptcy court had

---

[2] In the Notice of Removal, RFC and Deutsche Bank also argued that the federal court had jurisdiction because Plaintiff's action arose in his bankruptcy case or under Title 11. The Removing Defendants have since abandoned this contention (*see* Defs. Residential Financing Co., LLC & Deutsche Bank Trust Co., Ams., Mem. Opp'n ("Defs.' Opp'n") at 4–6.), which I agree lacks merit. *See Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 835 (4th Cir. 2007) ("A proceeding or claim 'arising in' Title 11 is one that is not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy." (internal quotation marks and citation omitted)); *In re Air Cargo, Inc.*, 401 B.R. 178, 185 (Bankr. D. Md. 2008) ("Claims 'arise under' title 11 if the claims clearly invoke substantive rights created by bankruptcy law." (internal quotation marks and citation omitted)).

subject matter jurisdiction over the Debtors' adversary complaint at the time it was filed, the court has not lost subject matter jurisdiction over the adversary complaint even though . . . the Debtors' main bankruptcy case has closed."). Similarly, here, the resolution of the bankruptcy case cannot divest the court of subject matter jurisdiction if it existed at the time of removal. I will therefore consider the facts as they existed at that time in determining whether jurisdictional requirements are satisfied.

The Fourth Circuit has adopted the test for related-to bankruptcy jurisdiction that was articulated by the Third Circuit in *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir. 1984). *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir. 2007). Under this test, jurisdiction will exist if "'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *In re Celotex Corp.*, 124 F.3d at 625 (quoting *Pacor*, 743 F.3d at 994) (emphasis omitted). "'An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.'" *Id.* at 625–26 (quoting *Pacor*, 743 F.3d at 994). The Fourth Circuit has emphasized that this test "does not require certain or likely alteration of the debtor's rights, liabilities, options or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate." *Id.* at 626. Rather, a mere "possibility of such alteration or impact is sufficient to confer jurisdiction." *Id.* The category of cases falling within this grant of jurisdiction is therefore "quite broad," *Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co., Inc.)*, 86 F.3d 364, 372 (4th Cir. 1996), and includes proceedings that are not "against the debtor or his property." *New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143, 151 (4th Cir. 2000). Indeed, in adopting the *Pacor* test, the Fourth Circuit quoted

4

approvingly from a note that observed, "[I]t is difficult to imagine any instance in which a bankruptcy court would not have jurisdiction if the debtor were a party.'" *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1998) (quoting Note, *Selective Exercise of Jurisdiction in Bankruptcy-Related Civil Proceedings*, 59 Tex. L. Rev. 325, 330–31 (1981)).

The Fourth Circuit's application of this test in *In re Celotex Corp.*, 124 F.3d 619, is instructive as to its breadth. The relevant civil proceeding in *Celotex* was a contribution action brought by Owens-Illinois Corporation ("Owens") after Owens satisfied a judgment for which it and Celotex Corporation ("Celotex") were held jointly and severally liable. *Id.* at 623. Owens-Illinois then sought contribution from Rapid American Corporation ("Rapid"), who was a successor in interest to the same company as Celotex. *Id.* The Fourth Circuit concluded that the contribution action was "related to" Celotex's bankruptcy, even though Celotex was not a party, because Owens had filed a claim against Celotex in the bankruptcy and because Celotex was contractually obligated to indemnify Rapid. "[A]ny recovery by Owens in the Contribution Action would reduce Owens' claim against the Celotex bankruptcy estate for contribution by the same amount" and would "chang[e] the character of Rapid's indemnification claim against Celotex from contingent and unliquidated to certain and liquidated." *Id.* at 626. In addition, Owens' claim would not be reduced to the same extent that Rapid's increased because Rapid was entitled to indemnification for litigation costs as well as the amount it paid to Owens. *Id.* Therefore, the Court of Appeals found the proceeding could conceivably have an effect on the bankruptcy case. *Id.*

Considering the facts as they existed at the time of removal, it was conceivable that the outcome of the present action could have an effect on Plaintiff's bankruptcy. If Plaintiff succeeds on his claims, this asset will no longer be contingent, and, according to the Schedules

filed by the Plaintiff, at least part of his claims' value would not be exempt from the bankruptcy estate. Thus, at least a portion of the asset created if Plaintiff is successful in the present action could be administered by the Chapter 7 trustee. Plaintiff acknowledges this potential impact upon his rights and the administration of the bankruptcy case: "[The lawsuit] involves a contingent claim that will only result in the creation of an 'Asset Case' if it is successful . . . . If the suit is not successful, there will be no asset and nothing for the Trustee to administer." (Pl.'s Reply Mem. at 2. (emphasis omitted).) Accordingly, the present action is "related to" Plaintiff's bankruptcy case because, at the time of removal, the outcome of the action may have impacted Plaintiff's rights and the administration of the bankruptcy estate. The exercise of jurisdiction over the proceeding is therefore proper.

### III.

Plaintiff argues that, even if bankruptcy jurisdiction exists, I should abstain from hearing this proceeding under the discretionary abstention provision of 28 U.S.C. § 1334(c). Section 1334(c)(1) provides, in relevant part, "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding . . . related to a case under title 11." 28 U.S.C. § 1334(c)(1). The decision of whether or not to abstain pursuant to this provision is a fact-specific one, which requires the consideration of multiple factors. *See In re Bay Vista of Va., Inc.*, 394 B.R. 820, 845 (Bankr. E.D. Va. 2008) (stating that a court, when deciding whether to exercise its discretion to abstain, must weigh the relevant factors "in light of the circumstances of an individual case"). Among the factors courts have identified as relevant to this determination are the significance of unsettled questions of state law, the relatedness of the proceeding to the main bankruptcy case, the waste of judicial resources due to duplicative determination of identical

6

issues in two forums, and considerations of comity. *See Luxford v. Dalkon Shield Claimants Trust*, No. Civ. A. K-96-1383, 1997 WL 1048338, at *2 (D. Md. June 24, 1997) (providing seven factors to be considered); *MacLeod v. Dalkon Shield Claimants Trust*, 967 F. Supp. 856, 858 (D. Md. 1997) (citing *In re Eastport Assocs.,* 935 F.2d 1071, 1075–76 (9th Cir. 1991)) (listing twelve factors).

Some of these factors suggest that abstention would be appropriate in this case. The Chapter 7 Trustee has issued a Report of No Distribution in the bankruptcy case, so the outcome of these claims almost certainly will not have an impact upon the administration of the bankruptcy case, although such an effect was conceivable at the time of removal. Additionally, the action presents only state law claims, which the state courts are clearly equipped to address. Nevertheless, I decline to abstain because to do so would unnecessarily expend judicial resources. I am currently hearing several related cases presenting the same substantive issues. *See, e.g.*, *Fulmore v. Premier Fin. Corp.*, No. 1:09-cv-2028. Thus, it is in the interest of judicial economy that I exercise jurisdiction here.

In addition, I have already issued an opinion in *Fulmore* holding that plaintiffs have no viable claim under the SMLL against entities situated in the same circumstances as RFC and Deutsche Bank, and today I am issuing an opinion in *Gephardt v. The Mortgage Consultants, Inc.*, No. 1:10-cv-1537, reaching the same conclusion with respect to the remaining claims against the Removing Defendants. Accordingly, I will enter an order dismissing all claims against them.

| February 8, 2011 | /s/ |
|---|---|
| Date | J. Frederick Motz |
| | United States District Judge |

7